IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-02032-PAB

PHILLIP HAHN and
THERESA HAHN,

 Plaintiffs,

v.

IGNITION L.P.,

 Defendant.

# ORDER

  This matter is before the Court on the Response to the Court's Order to Show Cause [Docket No. 5] filed by plaintiffs Phillip and Theresa Hahn on August 12, 2013. The Hahns brought this case on July 31, 2013, alleging that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Docket No. 1 at 1, ¶ 3. On August 1, 2013, the Court issued an Order to Show Cause why this case should not be dismissed for lack of subject matter jurisdiction. Docket No. 4. The Order to Show Cause was based on the plaintiffs' failure to sufficiently plead the citizenship of defendant Ignition L.P. *Id*. at 3-4.

  The Court explained that a limited partnership, unlike a corporation, is deemed to be a citizen of all of the states of which its members are citizens. *See Grupo Dataflux v. Atlas Global Grp., L.P.,* 541 U.S. 567, 569 (2004) (recognizing the "accepted rule" that a partnership "is a citizen of each State or foreign country of which any of its partners is a citizen"). As plaintiffs' complaint does not set forth the citizenship of

Ignition L.P.'s members, it failed to establish the Court's subject matter jurisdiction as a threshold matter. *See Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

In its response to the Court's order, plaintiffs state that:

- As indicated on its Certificate of Amendment to the Certificate of Limited Partnership filed with the Texas Secretary of State's Office, and attached hereto as Exhibit 1, the sole general partner of Ignition L.P. is listed as RadioShack Corporation with a mailing address of 300 RadioShack Circle CF4-101, Fort Worth, Texas 76102-1964.

- According to Ignition L.P.'s required filings with the Texas Secretary of State's Office, there is no indication that any part of Ignition L.P.'s partnership has residency in Colorado.

Docket No. 5 at 1, ¶¶ 4-5. The response makes no further mention of Ignition L.P.'s citizenship. As these statements disclose only the citizenship of Ignition L.P.'s general partner, without affirmatively stating that RadioShack Corporation is Ignition L.P.'s only partner, or, in the alternative, disclosing the citizenship of Ignition L.P.'s non-general partners, it is insufficient to establish Ignition L.P.'s citizenship. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 192 (1990) (citizenship of limited partnership determined by citizenship of general and limited partners, despite the fact that general partners had "exclusive and complete management and control of the operations of the partnership"); *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citizenship of all members relevant to determining LLC's citizenship regardless of certain members' passive management role); *Allegheny Cas. Co. v. United Constr. Co. of Cent. Fla., Inc.*, 2013 WL 1344588, at *1 (M.D. Fla. Feb. 6, 2013) (recommending dismissal where plaintiff pled identity of LLC's managing member but "did not show that

[he] was the *only* member" of defendant LLC), *adopted by* 2013 WL 1344844 (M.D. Fla. Apr. 2, 2013); *see also Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009) (plaintiff must "*distinctly* and *affirmatively*" allege citizenship of each of limited partnership's general and limited partners to establish diversity jurisdiction) (emphasis in original).  Plaintiffs offer no support for the proposition that a limited partnership's citizenship is determined by that of its general partner, irrespective of the citizenship of its other partners.  *See generally* Docket No. 5.

Accordingly, plaintiffs have not addressed the deficiency noted in the Court's Order and have not carried their burden of showing that the Court has subject matter jurisdiction over this case.  *See Radil*, 384 F.3d at 1224; *see also Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994) ("the presumption is that [federal courts] lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it.").

Wherefore, it is

**ORDERED** that this case is DISMISSED without prejudice for lack of subject matter jurisdiction.

DATED August 13, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge