IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-02032-PAB

PHILLIP HAHN and
THERESA HAHN,

    Plaintiffs,

v.

IGNITION L.P.,

    Defendant.

---

# ORDER

---

    This matter is before the Court on the Motion for Reconsideration [Docket No. 8] filed by plaintiffs Phillip and Theresa Hahn.  Plaintiffs brought this products liability case on July 31, 2013, alleging that the Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).  Docket No. 1 at 1, ¶ 3.  On August 1, 2013, the Court issued an Order to Show Cause [Docket No. 4] why this case should not be dismissed for lack of subject matter jurisdiction.  The order was based on plaintiffs' failure to sufficiently plead the citizenship of defendant Ignition, L.P.  Docket No. 4 at 4.  The Court explained that a limited partnership is deemed to be a citizen of all of the states of which its members are citizens.  *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 569 (2004) (recognizing the "accepted rule" that a partnership "is a citizen of each State or foreign country of which any of its partners is a citizen").  Plaintiffs responded to the Order to Show Cause by stating that Ignition L.P.'s sole general partner is RadioShack Corporation, which is a citizen of Texas.  Docket No. 5 at 1, ¶ 4.

Plaintiffs did not, however, state that RadioShack was Ignition L.P.'s only partner or, alternatively, disclose the citizenship of any limited partners.[1] Accordingly, plaintiffs did not meet their burden, as the party invoking federal jurisdiction, of establishing such jurisdiction "as a threshold matter," see *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004), and the Court dismissed the case without prejudice for lack of subject matter jurisdiction. Docket No. 6.

On August 21, 2013, plaintiffs filed the instant motion pursuant to Federal Rule of Civil Procedure 60(b), requesting that the Court vacate its order dismissing the case. Docket No. 8. Plaintiffs state that, before filing their complaint, they "thoroughly researched all public records associated with Ignition and ONLY found RadioShack Corporation listed." Docket No. 8 at 1, ¶ 5. They further state that plaintiffs' counsel called counsel for Ignition, L.P. on August 12, 2013, in an effort to ascertain additional information about Ignition, L.P.'s citizenship. Docket No. 8 at 2, ¶ 6. Plaintiffs state that, at the time of the telephone call, Ignition, L.P.'s counsel had "only recently been identified after Ignition was served with the complaint." *Id*. Several days after this telephone call, Ignition L.P.'s counsel informed plaintiffs' counsel that Ignition L.P., which has since dissolved, had at all relevant times only two members, RadioShack Corporation, a general partner, and Merchandising Support Services, Inc., a limited partner. Docket No. 8 at 2, ¶¶ 7-10. Plaintiffs claim that RadioShack Corporation is a

---

[1] This omission was baffling, given that Ignition, L.P. identifies itself as a limited partnership, suggesting that it must have both limited and general partners. See Tex. Bus. Org. Code §§ 152.001, 153.101, 153.151.

citizen of Texas and Merchandising Support Services, Inc. is a citizen of Nevada.[2]

Plaintiffs assert that, in light of this new information, jurisdiction is proper under 28 U.S.C. § 1332(a)(1) and that dismissing the case and forcing plaintiffs to refile will be "highly prejudicial" to their interests.  Docket No. 8 at 2-3, ¶¶ 14, 16-17.  In addition, they assert that they "took all reasonable efforts to determine the required information," but "were limited by the information provided in the public files," and that it was "only after Ignition's counsel was identified that Plaintiffs were able to obtain the additional information identifying all partners of Ignition."  Docket No. 8 at 2-3, ¶ 15.  They argue that dismissing the case would cause them unspecified prejudice and waste judicial resources.  Docket No. 8 at 3, ¶¶ 16-17.

A Rule 59 motion to alter or amend judgment must be filed no later than 28 days after the entry of the judgment.  Fed. R. Civ. P. 59(e).  In this case, the final judgment entered on August 14, 2013, and plaintiffs filed their motion for reconsideration on August 21, 2013.  Accordingly, plaintiffs' motion is timely.  In order to succeed on a motion brought pursuant to Rule 59, a party must show either "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  The rule does not, however, provide a license to revisit arguments that were already addressed or to advance new arguments that could have been raised but were not.  *Id.*  The decision to grant or deny a Rule 59 motion is

---

[2] In fact, plaintiffs still fail to account for the citizenship of Merchandising Support Services, Inc. because they state that it is incorporated in the State of Nevada, but do not identify the location of its principal place of business.  Docket No. 8 at 2, ¶ 10.

committed to the Court's discretion. *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

A party may also seek relief from a final order or judgment on the basis of "mistake, inadvertence, surprise, or excusable neglect" pursuant to Rule 60(b)(1). The rule "seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of *all* the facts." *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983) (emphasis in original). A motion pursuant to Rule 60(b)(1) must be filed "within a reasonable time . . . no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c).

A party is entitled to relief from judgment under Rule 60(b)(1) where "a party has made an excusable litigation mistake." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996). Relief on the basis of mistake is not appropriate where "the mistake was the result of a deliberate and counseled decision by the party" or where a party "simply misunderstands the legal consequences of his deliberate acts." *Id*. at 577. Nor does Rule 60(b)(1) "allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." *Id*. Instead, a party may use the rule to obtain relief from "litigation mistakes that a party could not have protected against, such as the party's counsel acting without authority of the party to that party's detriment." *Id*.

Plaintiffs state that they "took all reasonable measures to discover the citizenship

of Ignition's partners" prior to filing their complaint, Docket No. 8 at 1, ¶ 4, but do not explain why part of their pre-filing due diligence did not include contacting Ignition, L.P. Moreover, plaintiffs responded to the Court's Order to Show Cause the same day that they contacted Ignition L.P.'s counsel and four days prior to the deadline for responding, but do not explain why they did not contact counsel sooner or whether they could have filed their response later to include this additional information. *Compare* Docket No. 4 *with* Docket No. 5. In sum, plaintiffs do not show that the evidence of Ignition, L.P.'s partners was "previously unavailable" or that the failure to obtain this evidence sooner was a litigation mistake that they could not have protected against. *See Servants of the Paraclete*, 204 F.3d at 1012; *Cashner*, 98 F.3d at 576.

Finally, plaintiffs fail to keep in mind that the Court's order of dismissal was based on plaintiffs' failure to show cause. The Court's August 1, 2013 Order cited cases holding that a limited partnership's citizenship is determined by the citizenship of any general or limited partners. Docket No. 4 at 3. If plaintiffs really believed that Ignition, L.P. had only one partner, they could have said so in their response. Instead, plaintiffs stated that Ignition, L.P. had a "sole general partner," which did not show cause for the reasons identified in the Court's order of dismissal and which also implied that Ignition L.P. might have limited partners. Plaintiffs' motion for reconsideration does not explain why plaintiffs failed to respond to the Order to Show Cause by identifying *all* of Ignition, L.P.'s partners, even if, at the time, plaintiffs misunderstood Ignition, L.P.'s organizational structure.

Thus, plaintiffs have not established that they are entitled to relief under either Rule 59 or Rule 60(b). Wherefore, it is

**ORDERED** that the Motion to Reconsider the Court's Order to Dismiss [Docket No. 8] filed by plaintiffs Phillip and Theresa Hahn is DENIED.

DATED August 22, 2013.

                                  BY THE COURT:

                                  s/Philip A. Brimmer
                                  PHILIP A. BRIMMER
                                  United States District Judge